UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
PASCUALA SALDANA ASIATICO, individually and on
behalf of others similarly situated,

                                                       *Plaintiffs*,

-against-

AURORA CLEANING INC. d/b/a MERRY MAIDS and
DEYANIRA HAVERLY,

                                                       *Defendants*.
-----------------------------------------------------------------------X

Case No.: 17-cv-4557

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) and RULE 23 CLASS ACTION**

PASCUALA SALDANA ASIATICO ("Plaintiff"), individually and on behalf of others similarly situated, by and through her attorneys, FRANK & ASSOCIATES, P.C., brings this Complaint against Defendants AURORA CLEANING, INC. and DEYANIRA HAVERLY (collectively, "Defendants"), and respectfully alleges as follows:

## INTRODUCTION

1. Plaintiff alleges that Defendants violated the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and that she is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) unpaid minimum wages, (c) liquidated damages, (c) pre-judgment and post-judgment interest and (d) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to New York Labor Law ("NYLL"), she is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) unpaid minimum wages, (c) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (d) pre-judgment and post-judgment interest; and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over all federal law claims pursuant to 29 U.S.C. §216(b), 28 U.S.C. § 1331 and supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, because the events or omissions giving rise to the claim for unlawful employment practices occurred in Suffolk County, New York.

## PARTIES

5. Plaintiff is a resident of the State of New York who resides in the County of Suffolk.

6. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(2).

7. Defendant Aurora Cleaning Inc. d/b/a Merry Maids ("Aurora") was and still is a domestic business corporation incorporated under the laws of the State of New York with a primary place of business at 650-19 Montauk Highway, Bayport, NY 11705.

8. At all times relevant to the Complaint, Aurora was an "employer" within the meaning of 29 U.S.C. § 203(d) and NYLL § 190(3).

9. At all times relevant to the Complaint, Defendant Aurora was and is "an enterprise engaged in interstate commerce" within the meaning of the FLSA.

10. At all relevant times to the Complaint, Defendant Aurora has and has had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. At all times relevant to the Complaint, Defendant Aurora has and has had annual gross volume of sales in excess of $500,000.

12. Upon information and belief, Defendant Deyanira Haverly ("Haverly") owns/operates Aurora and is the Chief Executive Officer of Aurora.

13. Upon information and belief, Defendant Haverly has the authority to direct the work of employees, hire and fire employees, determine employee compensation and make payroll decisions for Defendant Aurora.

14. At all times relevant to the Complaint, Defendant Haverly was an "employer" within the meaning of 29 U.S.C. § 203(d) and NYLL § 190(3).

## FACTUAL ALLEGATIONS

15. Plaintiff was employed by Defendants as a non-exempt residential cleaning maid from 2011 until March 2017.

16. Plaintiff regularly worked from 8:30 AM until 6:00 PM, Monday through Saturday, for a total of approximately fifty-seven (57) hours per week.

17. Plaintiff's pay was based on the number of houses she cleaned each week. Under this arrangement, Plaintiff was to be paid 23% of whatever fee Defendants charged their clients for their services. Plaintiff cleaned approximately four (4) to five (5) houses each day for Defendants.

18. Whenever Plaintiff performed cleaning services for the first time for a client of Defendants, she was paid at an hourly rate of $16 instead of the 23% share of Defendants' fee. Plaintiff performed this type of on and average of one (1) or two (2) times per week.

19. In total, Plaintiff received gross wages of approximately $400 to $600 per week between the 23% share of Defendants' fee and the $16 hourly rate.

20. Plaintiff's effective hourly rate varied between approximately $7.02 and $10.53.

21. During those weeks when Plaintiff was paid approximately on the lower end of that range, Plaintiff's effective hourly rate fell below the federal and state statutory minimum wage.

22. Plaintiff was not paid at a rate of at least one and one-half times her regular hourly wage rate in those weeks where her regular work hours exceeded forty (40).

23. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by Plaintiff.

24. Defendants did not provide Plaintiff with a complete, true and accurate wage statement including her hourly rate, the overtime hours she had worked, her gross income, deductions from pay, additions to pay and net wages, as required by law.

## COLLECTIVE ACTION CLAIMS

25. Plaintiff brings her FLSA claims as a collective action, pursuant to 29 U.S.C. § 216(b) on behalf of all similarly situated non-exempt persons who are or were employed by Defendants within three years from the filing of this Complaint ("FLSA Collective").

26. At all relevant times, Plaintiff, and other members of the FLSA Collective, have had substantially similar job requirements and pay provisions.

27. At all relevant times, Plaintiff, and other members of the FLSA Collective, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them minimum wage and to pay them at least one and one-half times the greater of either their regular rate or the minimum wage for every hour of work in excess of forty (40) hours per workweek.

28. The claims of Plaintiff stated herein are similar to those of the Defendants' other employees.

29. The FLSA Collective is readily identifiable and locatable through the use of Defendants' records. The FLSA Collective should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of minimum wage and overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld by Defendants.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings her claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated non-exempt employees of Defendants who were: (1) not paid minimum wage for all hours worked, (2) not paid overtime wages for all hours worked in excess of forty (40) each workweek and (3) not given accurate wage statements.

31. Plaintiff is a member of the Class she seeks to represent.

32. Plaintiff reserves the right to amend the Class definition based on discovery.

**A. Efficiency of Class Prosecution of Class Claims**

33. Upon information and belief, there are many current and former employees who are similarly situated to Plaintiff, who have been underpaid in violation of the FLSA and NYLL. The named Plaintiff is a representative of those other workers and is acting on behalf of the Defendants' current and former employees' interest as well as her own interest in bringing this action.

34. Certification of this class is the most efficient and economical means for resolving questions of law and fact that are common to Plaintiff and members of the proposed class.

35. Plaintiff's individual claims and their resolution will resolve the common questions of the proposed class.

36. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of the efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. However, treating the claims as a class action would result in a significant savings of these costs. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Additionally, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

**B. Numerosity and Impracticability of Joinder**

37. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable.

38. The Rule 23 Class Members are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

39.  Unless the Court promptly issues such notice, persons similarly situated to Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA and NYLL, and spread of hours pay in violation of the NYLL, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

40.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

**C. Common Questions of Law and Fact**

41.  The adjudication of Plaintiff's claims will directly result in the adjudication of numerous questions of law and fact common to the members of the proposed class.

42.  These common issues include, but are not limited to; (a) whether Defendants unlawfully failed to pay proper overtime compensation for hours worked in excess of forty (40) per week in violation of and within the meaning of the FLSA and NYLL; (b) whether Defendants unlawfully failed to pay Federal and New York State minimum wage (c) whether Defendants have failed to keep true and accurate time records for all hours worked by Plaintiff and the Rule 23 Class; (d) the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class; and (e) whether Defendants' general practice of failing and/or refusing to pay Plaintiff and the Rule 23 Class proper compensation was done willfully or with reckless disregard of the federal and state wage and hour laws.

43.  The policies, procedures, and practices implemented by Defendants were applied to all members of the proposed class.

**D. Typicality of Claims and Relief Sought**

44. The claims of Plaintiff are typical of the claims of the Rule 23 Class she seeks to represent. Plaintiff's claims are typical of those claims which could be alleged by any member of the Rule 23 Class, and the relief sought is typical of the relief which would be sought by each member of the proposed class in separate actions.

45. Plaintiff seeks the following relief for her individual claims and for the claims of the members of the proposed class: (1) unpaid overtime wages for all hours worked in excess of forty (40) hours per week at a rate of one and one-half times his standard rate of pay; (2) unpaid minimum wages; (3) an equal amount of liquidated damages and (4) damages for Defendants' failure to provide proper and accurate notice of Plaintiff's pay rate.

**E. Adequacy of Representation**

46. Plaintiff's interests are akin to those of the members of the proposed class.

47. Plaintiff is willing and able to represent the members of the proposed class and will fairly and adequately represent and protect the interest of the Rule 23 Class.

48. Plaintiff has retained counsel competent and experienced in complex class actions and in labor and employment litigation for over fifty (50) years. Plaintiff's counsel can competently litigate the individual and class claims sufficiently to satisfy Rule 23(a)(4) of the Federal Rules of Civil Procedure.

## FIRST CAUSE OF ACTION
### Failure to Pay Overtime in Violation of the FLSA

49. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

50. Defendants required Plaintiff and other similarly situated employees to work in excess of forty (40) hours each week and willfully failed to compensate Plaintiff and other similarly situated employees for the time worked in excess of forty (40) hours each week at a rate of at least one and one-half times the greater of their regular hourly rate or the minimum wage in violation of the FLSA.

51. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and other similarly situated employees overtime wages.

52. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

53. As a result of Defendants' willful and unlawful failure to pay Plaintiff and other similarly situated employees overtime wages, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### Failure to Pay Minimum Wage in Violation of the FLSA

54. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

55. Defendants, in violation of 29 U.S.C. § 207(a)(1), paid Plaintiff and similarly situated employees at a rate less than the applicable minimum wage.

56. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and other similarly situated employees minimum wage.

57. As a result of Defendants' willful and unlawful failure to pay Plaintiff and other similarly situated employees at least minimum wage, Plaintiff and other similarly situated

employees are entitled to recover their unpaid minimum wages, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION
**Failure to Pay Overtime in Violation of the NYLL**

58. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

59. Defendants required Plaintiff and the Rule 23 Class members to work in excess of forty (40) hours each week and willfully failed to compensate Plaintiff and the Rule 23 Class members for time worked in excess of forty (40) hours each week at a rate of at least one and one-half times their regular hourly rate in violation of the NYLL.

60. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class overtime wages.

61. Due to Defendants' violation of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
**Failure to Pay Minimum Wage in Violation of the NYLL**

62. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

63. Defendants, in violation of NYLL §652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff and the Rule 23 Class less than the minimum wage.

64. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class minimum wage.

65. Due to Defendants' violation of the NYLL and its supporting regulations, Plaintiff and the Rule 23 Class are entitled to recover from Defendants her unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### Failure to Provide Accurate Wage Statements in Violation NYLL § 195(3)

66. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

67. Defendants failed to provide Plaintiff and the Rule 23 Class with an accurate statement of, inter alia, their regular rate of pay, their overtime rate of pay, their hours worked, their regular payday, the name, address and telephone number of the employer, and other information required by NYLL §195(3).

68. Defendants violations of the NYLL and its supporting regulations entitle Plaintiff and the Rule 23 Class to recover damages of $250 per work day, up to a maximum of $5,000, plus attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of others and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

A. Unpaid overtime wages, and an additional equal amount as liquidated damages, plus interest at the statutory compounded rate of 9% per annum pursuant to New York Labor Law;

B. Unpaid minimum wages, and an additional equal amount as liquidated damages, plus interest at the statutory compounded rate of 9% per annum pursuant to New York Labor Law;

C. An award of civil penalties as a result of Defendants' violation of the New York Labor Law's notice provisions pursuant to NYLL 198(1-d);

D. All reasonable attorneys' fees and costs incurred in prosecuting these claims; and

E. Such other relief as this Court deems just and proper.

Dated: July 31, 2017  
      Farmingdale, New York

**FRANK & ASSOCIATES, P.C**

*/s/ Neil Frank*

Neil M. Frank, Esq.  
Joseph Myers, Esq.  
500 Bi-County Blvd., Suite 465  
Farmingdale, New York 11735  
Tel: (631) 756-0400  
Fax:(631) 756-0547  
nfrank@laborlaws.com  
jmyers@laborlaws.com  
*Attorneys for Plaintiff*