## AGREEMENT AND RELEASE ("AGREEMENT")

Aurora Cleaning Inc. ("Employer"), and Pascuala Saldana Asiatico, her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee"), agree that:

1. **Consideration.** In consideration for signing this Agreement and Release, and complying with the terms and conditions herein, Employer agrees to pay Employee Twenty Six Thousand Two Hundred Fifty Dollars and 00/100 Cents ($26,250.00). The sum of Eight Thousand Fifteen Dollars and 63/100 Cents ($8,015.63) will be made payable to Employee and will be subject to normal withholdings, for which a Form W-2 will be issued. The sum of Eight Thousand Fifteen Dollars and 62/100 Cents ($8,015.62) will be made payable to Employee and will not be subject to withholdings, for which a Form 1099 will be issued. Employer also agrees to pay reasonable attorneys' fees, as approved by the Court, up to a maximum of Ten Thousand Two Hundred Eighteen Dollars and 75/100 ($10,218.75) to the Law Office of Frank & Associates P.C. for attorneys' fees and costs, for which a Form 1099 will be issued to Employee and the Frank & Associates P.C. Employer agrees to make all payments in one lump payment within thirty (30) calendar days after: (a) Employer receives a signed original of this Agreement and Release; and (b) the Lawsuit (as defined below) has been dismissed with prejudice.

Employee must ensure that all taxes relating to payments made pursuant to the Agreement properly are paid. In the event that any federal, state or local taxing authority or court determines that taxes, interest and/or penalties are due and owing as a result of any and all payments made hereunder, said taxes, interest, penalties or other liabilities shall be the sole obligation and liability of Employee, who agrees to hold harmless and to indemnify Employer from any tax-related or other liability.

2. **No Consideration Absent Execution of this Agreement.** Employee understands and agrees that Employee would not receive the monies and/or benefits specified in Paragraph "1" above, except for Employee's execution of this Agreement and Release and the fulfillment of the promises contained herein.

3. **Release of Claims.** Employee knowingly and voluntarily releases and forever discharges Merry Maids, LP a Delaware limited partnership (and its parents and all affiliates), Merry Maids of Bayport, Inc., Aurora Cleaning Inc. d/b/a Merry Maids, its owners, shareholders, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers (including but not limited to Deyanira Haverly), directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all wage claims, known and unknown, asserted or unasserted, which the Employee has or may have against Releasees as of the date of execution of this Agreement and Release, including, but not limited to, claims under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and their implementing regulations, including any such claims for attorneys' fees.

4. **Non-Disparagement.** Employee shall not, directly or indirectly, in public or in private, deprecate, impugn, disparage or make any remark or comment, either written or oral, that could be construed as negative or defamatory concerning Employer to any individual or entity, including but not limited to customers, vendors or current or former employees of Employer. This condition shall not be construed to include truthful statements by Plaintiff regarding the subject-matter of this lawsuit.

Upon inquiry to Employer from a prospective employer regarding Employee, Employer will provide only confirmation of employment with Employer, including dates of employment and position held.

5. **Acknowledgments and Affirmations.**

(a) Employee affirms that she has not filed, caused to be filed, or presently is a party to any claim against Employer, except the within lawsuit, filed with the United States District Court for the Eastern District of New York, Case No. 17-cv-4557 ("Lawsuit"); that this Agreement represents a settlement of a bona fide dispute regarding wages owed and hours worked; and that Employee shall promptly seek Court approval of this Agreement on the basis that the Agreement is fair and reasonable.

(b) Employee affirms that through this Agreement, she has been paid and/or has received all compensation, wages, bonuses, other monies, and/or benefits to which Employee may be entitled for work performed and that no other compensation, wages, bonuses, benefits or other monies are due.

(c) Employee further affirms that she has not been retaliated against for reporting any allegations of wrongdoing by Employer or its officers, including any allegations of corporate fraud. Both Employer and Employee acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies.

(d) Employee affirms that as of the date she signs this Agreement, she is a Medicaid beneficiary. Although no portion of the payments made pursuant to this Agreement represent payments for medical care, if the Centers for Medicare and Medicaid Services ("CMS") (this term includes any related agency representing Medicaid's interests) determines that Medicaid has an interest in the payment to Employee under this Agreement, Employee agrees to indemnify, defend, at Employee's sole cost and expenses, including any attorneys' fees, and hold Employer harmless from any action by CMS relating to this Agreement. Employee agrees to reasonably cooperate with Employer upon request with respect to any claim that CMS may make and for which Employee is required to indemnify Employer under this paragraph.

6. **Mutual Cooperation.** The Parties agree to fully cooperate with one another in the preparation of, and/or joint filing of, any and all papers necessary to obtain the

dismissal with prejudice of the Lawsuit. This obligation includes, but is not limited to, any steps necessary to obtain approval of this Agreement by the Court.

7. **Governing Law and Interpretation.** This Agreement and Release shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement and Release, either party may institute an action specifically to enforce any term or terms of this Agreement and Release and/or seek any damages for breach. Should any provision of this Agreement and Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement and Release in full force and effect.

8. **Continuing Jurisdiction.** To the extent allowed by law, the Court will retain continuing jurisdiction for the purpose of implementing, interpreting, or enforcing this Agreement, the Approval of Settlement, dismissal with prejudice of the Lawsuit, and post-judgment issues, until all matters are fully resolved. Any dispute regarding the Parties' obligations pursuant to this Agreement and/or interpretation of this Agreement that arises will be presented by written motion to, and resolved by, the Court.

9. **Prevailing Party Fees.** In the event of any litigation to enforce or regarding a breach of the terms of this Agreement, the prevailing party shall be entitled to receive from the other reasonable attorneys' fees and costs.

10. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement and Release nor the furnishing of the consideration for this Agreement and Release shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

11. **Amendment.** This Agreement and Release may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement and Release.

12. **Entire Agreement and Remedies.** This Agreement and Release sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Any breach or violation of this Agreement by either party, will be considered a material breach of this Agreement and will entitle the other party to recover actual damages, if any, caused by the breach or violation. In addition, the non-breaching party may seek legal or equitable relief, including, but not limited to, injunctive relief or other equitable relief as it may deem appropriate.

13. **Counterparts.** This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute on and the same instrument.

14. **Competency to Waive Claims.** Employee is competent to affect a knowing and voluntary general and unlimited release of all wage claims, as contained herein, and to enter into this Agreement. He is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. To the contrary, she has a clear and complete understanding of this Agreement. Employee is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Releasees from any claims by or relating to Employee.

15. **Execution**.

(a) The terms of this Agreement are the product of mutual negotiation and compromise between the Parties. The meaning, effect and terms of this Agreement have been fully explained to Employee by her counsel, the Law Office of Frank & Associates P.C. Employee fully understands that this Agreement generally releases, settles, bars and waives any and all wage claims that Employee possibly could have against Releasees. Employee further represents that she is fully satisfied with the advice and counsel provided by the Law Office of Frank & Associates P.C.

(b) Employee also confirms that she has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Releasees to execute this Agreement and was not caused to sign this Agreement without the opportunity for or actual consultation with counsel; and,

(c) Employee fully understands the terms of this Agreement and has been provided with a full translation of this Agreement by her attorney into her native language of Spanish.

**EMPLOYEE AFFIRMS SHE HAS CONSULTED WITH THE LAW OFFICE OF FRANK & ASSOCIATES, P.C. PRIOR TO SIGNING THIS AGREEMENT.**

**EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: February 16, 2018         By: _____
                                      Pascuala Saldana Asiatico

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF SUFFOLK    )

On the 16 day of February, 2018, before me, the undersigned notary, **Pascuala Saldana Asiatico** personally appeared and proved to me, on the basis of satisfactory evidence, established that she is executing this Negotiated Settlement Agreement. **Pascuala Saldana Asiatico** advised me that she is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that she may have against Releasees. She also confirms his complete understanding of this Agreement and the lack of need of translation services.

_____
Signature and Office of individual
taking acknowledgment

                                 **Aurora Cleaning Inc. d/b/a Merry Maids**

Dated: February 15, 2018         By: _____
                                      Deyanira Haverly

                                 Title: President

4834-4097-3149, v. 1

5